NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY C. KENNEY,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5003

---

Appeal from the United States Court of Federal Claims in case no. 12-CV-0521, Judge Christine O.C. Miller.

---

**ON MOTION**

---

PER CURIAM.

**O R D E R**

The United States moves for summary affirmance of the United States Court of Federal Claims order dismissing Anthony C. Kenney's complaint for lack of jurisdiction.

On August 16, 2012, Mr. Kenney filed the underlying complaint in the Court of Federal Claims, naming as defendants Travelers Indemnity Insurance Carrier, Looney, Nichols & Johnson, Michael D. Antkowiak, and an entity called the Board of Review Employment Commission.  As the Court of Federal Claims explained, Mr. Kenney's complaint appears to request a "review of the denial of his workman's compensation and unemployment claims as apparently appealed to the United States Court of Appeals for the Tenth Circuit."

When a complaint names private parties, rather than federal agencies, the Court of Federal Claims lacks jurisdiction to hear those matters. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for relief against the United States, and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)).

We agree with the Court of Federal Claims that the complaint itself is "unintelligible [, and] [t]he court cannot ascertain the basis on which jurisdiction is claimed against the United States other than from [Mr. Kenney's] reference to 'default [judgment] to every case filed or appealed to the 10th Circuit Court that is endless to plaintiff['s] workers comp and unemployment benefits claims[.] . . .'"

When the position of the government in arguing that the Court of Federal Claims lacked jurisdiction was "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists," summary affirmance is appropriate. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).  Because Mr. Kenney's complaint fails to set forth a jurisdictional basis,

summary affirmance of the judgment of the Court of Federal Claims dismissing the complaint is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion is granted. The judgment of the Court of Federal Claims is summarily affirmed.

(2) All pending motions are denied.

(3) Each side shall bear its own costs.

FOR THE COURT


 /s/ Jan Horbaly
Jan Horbaly
Clerk

s25